NO. 07-05-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 12, 2005

______________________________

ROY BRENT CAMPBELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 16,584-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant, Roy Brent Campbell, appeals from his conviction for Debit Card Abuse.  Sentence was imposed on April 6, 2005.  The clerk’s record was filed on August 11, 2005. We will dismiss the appeal for want of jurisdiction.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed.  Rule 26.3 allows for an extension of time if the appellant files a notice of appeal with the trial court within 15 days after the deadline for filing the notice of appeal and files a motion for extension with the appellate court.  

Here, the record reflects that the court imposed sentence on appellant on April 6, 2005.  A motion for new trial was timely filed on April 29, 2005, making appellant’s notice of appeal due July 5.   The notice of appeal was filed August 4, more than 15 days after its due date.  A motion for extension of time was filed with this court on July 26, 2005, also more than 15 days after the due date for the notice of appeal.  Tex. R. App. P. 26.3. Appellant’s failure to file a timely notice of appeal or to meet the requirements for an extension under Rule 26.3 prevents this court from having jurisdiction over his appeal.  
Slaton
, 981 S.W.2d at 210.  

Consequently, the appeal is dismissed for want of jurisdiction.  

James T. Campbell

        Justice

Do not publish.